UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE AMERICAN SAIL TRAINING ASSOCIATION,<br>Plaintiffs<br>v.<br>GREGORY JORDAN AND ANDREW BORER, D/B/A SOUVENIR STOP; GREGORY JORDAN AND ANDREW BORER, D/B/A CHILDREN'S SHOP; AND GREGORY JORDAN AND ANDREW BORER, D/B/A T-SHIRT TOWN,<br>Defendants | CIVIL ACTION NO.<br>07 248 ML<br>***EXPEDITED HANDLING AND/OR HEARING REQUESTED*** |

**Statement of Special Circumstances:**

This complaint seeks special injunctive relief under the federal trademark statutes, including without limitation 15 U.S.C. §1115, to prevent the continuation of an actively ongoing infringement of registered federal marks. The plaintiff has eyewitness evidence of the defendants' infringement of the plaintiff's registered federal marks. For this reason, in the absence of injunctive relief, the plaintiff may be deprived of an adequate remedy. For these reasons, plaintiffs have requested *Expedited Handling And/Or Hearing*, and respectfully submit that their request is warranted and ought to be granted.

## VERIFIED COMPLAINT

This is a complaint seeking remedies for infringement of registered federal service marks. The plaintiff is the owner of registered marks, and the defendant(s) are openly and defiantly selling goods that infringe the marks. The defendants' violation includes unauthorized use of federally registered and protected trade and/or service marks that ASTA procured, owns, and holds.

## PARTIES AND JURISDICTION

1. The plaintiff, American Sail Training Association ("ASTA") is a Rhode Island non-profit corporation, recognized under section 501(c)(3) of the Internal Revenue Code as eligible to receive tax-deductible contributions. ASTA's mission is to promote the virtues of character-building experience at sea, and the values and quality of the sail training experience to trainees aboard traditionally-rigged large sailing vessels. It operates educational and scholarship programs, serves as the national voice for the sail training movement (domestically and internationally), and serves as an industry voice for the owners of sail training vessels in government relations and public relations. It has over 250 organizational members, chiefly the owners and operators of traditionally-rigged sail training vessels (mostly square-riggers and schooners), most of which are themselves non-profit educational organizations. By way of illustration, the ship used in the recent film "Master and Commander: The Far Side of the World," a replica square-rigger known as *HMS Rose*, was an ASTA member vessel and a winner of an ASTA Sail Training award until it was acquired for use in the film.

2. One of ASTA's key operational programs is an annual series of races and rallies of traditionally-rigged sailing vessels, with educational programs for their on-board trainees. This is the Tall Ships Challenge® Series, which is conducted each year. This year, the Tall Ships Challenge® includes the Newport, Rhode

Island event known as Tall Ships® Rhode Island, which is in progress at the time of this filing.

3. ASTA is the owner of a number of federally registered marks (further detailed below), each one of which has been held for a period long enough to make it incontestable.

4. Defendants Gregory Jordan and Andrew Borer, according to the fictitious business name records of the City of Newport, each do business at three separate locations in Newport: (1) as "Souvenir Stop," at 115 Thames Street, Newport, Rhode Island 02840; (2) as "Children's Shop," at 107 Thames Street, Newport, Rhode Island 02840; and (3) as "T-Shirt Town," at 182 Thames Street, Newport, Rhode Island 02840.

5. Jurisdiction is founded, among other things, on a federal question (28 U.S.C. §1331) by reason of the relief sought by the plaintiff under the federal trademark statutes.

## EVENTS

6. ASTA is the owner of a number of federally registered marks, specifically including Reg. No 1,053,408, Reg. No 1,086,636, and Reg. No. 2,413,069. Copies of certificates are attached as <u>Exhibit A</u> and incorporated by reference. Included in these is a registration on the mark "Tall Ships®." Putting aside certain logo marks, virtually all of ASTA's registered marks include the phrase

"Tall Ships." ASTA thus holds exclusive rights to the use of the phrase "Tall Ships" in connection with marine events.

7. ASTA also holds federal registration on the mark Tall Ships Challenge®, and each year conducts races and licenses port events in connection with that year's Tall Ships Challenge®. This year, Tall Ships Rhode Island is conducting an event, ongoing now, in Newport, under a written agreement with ASTA, which includes a license for the use of ASTA registered marks. Amica Insurance is a sponsor of the latter, and uses the aforesaid registered intellectual property as a sublicense of the rights that ASTA has licensed to Tall Ships Rhode Island.

8. In addition, ASTA has licensed a Newport fishermen's group to sell souvenirs, etc., bearing the registered marks of ASTA aforesaid, during the current event.. ASTA has also licensed N&D Sports, Inc. to produce and sell souvenir items using ASTA's intellectual property aforesaid.

9. The Tall Ships Rhode Island event will finish on Sunday, July 1, 2007, after which injunctive relief will be of no practical value. This creates the exigency that warrants injunctive relief.

10. The defendants are engaged in selling T-shirts, and possibly other souvenir items, bearing the legend "Tall Ships 2007" at the shops in Newport identified above. When this was discovered, ASTA gave the defendants express written notice of its infringement of ASTA's registered marks, as demonstrated in Exhibit B. The defendant, through the person of an individual who identified

himself as Greg Jordan, and who identified himself as the owner of one of the shops in question, spoke with ASTA's director of Operations, Ms. Lori Aguiar. He expressly refused to stop the sale of the offending merchandise, defiantly stating his belief that ASTA would not "do anything about it."

11. The defendants' refusal, after notice, to cease the infringement is having and will have the effect of causing confusion in the mind of the consumer, and has caused and is causing and will (unless enjoined) continue to cause serious and irreparable harm to ASTA.

12. The defendants' refusal, after notice, to cease the infringement amounts to a willful and knowing violation of the trademark laws of the United States.

13. Any and all conditions precedent to the bringing of this action have been satisfied, fulfilled, and/or waived.

**COUNT I**
*(Violation of Trademarks)*

14. Plaintiff repeats and realleges the content of the foregoing paragraphs as if set forth here at full length.

15. Defendants' conduct constitutes a direct infringement of ASTA's intellectual property rights, as embodied in its registered marks. Defendants' infringement has, on information and belief, earned revenue or gained other advantage for them (or will do so) that they did not deserve, and that they are obliged to disgorge to ASTA.

16. Defendants' violations of ASTA's registered marks was and is directly harmful to ASTA and will diminish the revenue that ASTA would otherwise have earned through its arrangements with its licensees and/or sublicensees.

17. Defendants' violations serve to convey the impression that ASTA's marks are not protected, and have the effect of encouraging others, as yet unknown to ASTA to commit further violations, yet to be discovered, and likely to be perpetuated and cause damage before ASTA can discover and stop them.

WHEREFORE, Plaintiff demands judgment against Defendants and for all relief allowed under the law, including, in the following particulars:

A. That the Court enter an injunction against Defendants, barring the defendants, and all persons in active concert and/or participation with them, from any further use unauthorized of the phrase "tall ships" or any other of ASTA's registered marks, and further barring the defendant, etc., from any further sale, distribution, etc., of the unauthorized infringing merchandise.

B. That the Court order the defendants to render an accounting of all revenue associated with the unauthorized merchandise.

C. That the Court enter a money judgment against the defendant, in favor of ASTA for:

1) Actual damages in an amount of damages to be proved at trial, following discovery, together with interest;
2) Reasonable attorneys' fees and costs of suit pursuant to governing statutes; and
3) Any further relief that the Court deems just and proper that it may lawfully afford the plaintiffs.

## JURY DEMAND

Plaintiffs Demand a Jury Trial as to All Counts So Triable.

Dated: June 29, 2007

**AMERICAN SAIL TRAINING ASSOCIATION,**
By their attorneys,

Carl Fumarola, Bar No. 6980
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
tel: (401) 274-7850; fax: (401) 274-9670

## VERIFYING DECLARATION

Lori Aguiar gives the following declaration pursuant to 28 U.S.C §1746:

1. I am the Director of Operations the American Sail Training Association. I have been involved with and have responsibility for the events at issue in the foregoing complaint. As a result, I am familiar with the events that form the basis for this action.

2. I am familiar with or am the Keeper of the Records of ASTA relating to this matter.

3. I have read the allegations of the foregoing complaint, and state that they are true and correct. The basis of my statement is my personal knowledge of the events alleged.

Lori Aguiar, Director of Operations
American Sail Training Association