UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE AMERICAN SAIL TRAINING ASSOCIATION,<br>Plaintiffs<br>v.<br>GREGORY JORDAN AND ANDREW BORER, D/B/A SOUVENIR STOP; GREGORY JORDAN AND ANDREW BORER, D/B/A CHILDREN'S SHOP; AND GREGORY JORDAN AND ANDREW BORER, D/B/A T-SHIRT TOWN,<br>Defendants | CIVIL ACTION NO.<br><br>***EXPEDITED HANDLING AND/OR HEARING REQUESTED*** |

**PLAINTIFF THE AMERICAN SAIL TRAINING ASSOCIATION'S**
Ex Parte **MOTION FOR ~~PRELIMINARY INJUNCTION~~** Temporary Restraining Order CP

Plaintiff the American Sail Training Association ("ASTA") hereby moves for a temporary restraining order CP ~~preliminary injunction~~ barring the defendants from continuing their infringement of ASTA's federally registered trademarks. More specifically, ASTA — an organization sponsoring sailing events — is the registrant of trademarks including the phrase "Tall Ships®." The Defendants, through their three stores in Newport, Rhode Island, are selling merchandise bearing this logo, thereby unlawfully infringing on this trademark. One of ASTA's key events, known as Tall Ship Rhode Island, is currently taking place in Newport, Rhode Island, and it is scheduled to finish on Sunday, July 1, 2007. Accordingly, ASTA will suffer irreparable harm if immediate relief is not granted.

WHEREFORE, Plaintiff ASTA respectfully requests that this Court enter a preliminary injunction against Defendants, barring the defendants, and all persons in

active concert and/or participation with them, from any further use unauthorized of the phrase "tall ships" or any other of ASTA's registered marks, and further barring the defendant, etc., from any further distribution of the unauthorized infringing merchandise. In addition, pursuant to 15 U.S.C. § 1116(a), this injunction should include an order directing the defendants to file with the Court and serve on the Plaintiff, within thirty days after service of the injunction, a report in writing under oath setting for the in detail the manner and form in which the defendants have complied with the injunction.

In further support of this motion, Plaintiff respectfully directs the Court's attention to the accompanying memorandum of law in support of this motion.

THE AMERICAN SAIL TRAINING ASSOCIATION.
By its Attorney,

Carl E. Fumarola #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence RI, 02903
(401) 274-7850
(401) 274-9670 (fax)
Email: cfumarola@cetcap.com

Dated: June 29, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE AMERICAN SAIL TRAINING ASSOCIATION,<br>Plaintiffs<br>v.<br>GREGORY JORDAN AND ANDREW BORER, D/B/A SOUVENIR STOP; GREGORY JORDAN AND ANDREW BORER, D/B/A CHILDREN'S SHOP; AND GREGORY JORDAN AND ANDREW BORER, D/B/A T-SHIRT TOWN,<br>Defendants | CIVIL ACTION NO.<br><br>***EXPEDITED HANDLING AND/OR HEARING REQUESTED*** |

Ex Parte

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF THE AMERICAN SAIL TRAINING ASSOCIATION'S MOTION FOR ~~PRELIMINARY INJUNCTION~~ A Temporary Restraining order**

Plaintiff the American Sail Training Association ("ASTA") seeks a ~~preliminary injunction~~ temporary restraining order barring the defendants from continuing their infringement of ASTA's federally registered trademarks.

## BACKGROUND

ASTA is a Rhode Island non-profit corporation, with a mission is to promote the virtues of character-building experience at sea, and the values and quality of the sail training experience to trainees aboard traditionally-rigged large sailing vessels. It operates educational and scholarship programs, serves as the national voice for the sail training movement (domestically and internationally), and serves as an industry voice for the owners of sail training vessels in government relations and public relations. It has over 250 organizational members, chiefly the owners and operators

of traditionally-rigged sail training vessels (mostly square-riggers and schooners), most of which are themselves non-profit educational organizations. By way of illustration, the ship used in the recent film "Master and Commander: The Far Side of the World," a replica square-rigger known as *HMS Rose*, was an ASTA member vessel and a winner of an ASTA Sail Training award until it was acquired for use in the film.

One of ASTA's key operational programs is an annual series of races and rallies of traditionally-rigged sailing vessels, with educational programs for their on-board trainees. This is the Tall Ships Challenge® Series, which is conducted each year. This year, the Tall Ships Challenge® includes the Newport, Rhode Island event known as "Tall Ship Rhode Island", which is in progress at the time of this filing, and it is scheduled to finish on Sunday, July 1, 2007. ASTA is the owner of a number of federally registered marks. Copies of certificates documenting these are attached as Exhibit A to the Verified Complaint that was filed contemporaneously with this motion. Included in these is a registration on the mark "Tall Ships®." Putting aside certain logo marks, virtually all of ASTA's registered marks include the phrase "Tall Ships." Thus, ASTA holds exclusive rights to the use of the phrase "Tall Ships" in connection with marine events. ASTA has licensed entities other than the defendant — e.g., a Newport fishermen's group and N&D Sports, Inc. — to produce and sell souvenir items using ASTA's intellectual property aforesaid.

## INFRINGEMENT OF TRADEMARK

The above –captioned Defendants do business as and operate the above-captioned souvenir shops in Newport, Rhode Island. The Defendants are engaged in selling T-shirts, and possibly other souvenir items, bearing the legend "Tall Ships 2007." When this was discovered, ASTA gave the Defendants express written notice of its infringement of ASTA's registered marks. The Defendants, through the person of an individual who identified himself as Greg Jordan, and who identified himself as an owner of the above named shops, spoke with ASTA's director of Operations, Ms. Lori Aguiar. He expressly refused to stop the sale of the offending merchandise, defiantly stating his belief that ASTA would not "do anything about it." The defendant's refusal, after notice, to cease the infringement is having and will have the effect of causing confusion in the mind of the consumer, and is caused serious damage to ASTA.

## ARGUMENT

The above-discussed infringement of ASTA's trademark violates the Lanham Act, 15 U.S.C. § 1111 et seq. Pursuant to 15 U.S.C. § 1116(a), this Court is authorized to grant injunction according to the principles of equit to prevent the violation of any right of the registrant of a trademark. The Court is further authorized to include a provision in the injunction directing the Defendants to file with the Court and serve on the Plaintiff, within thirty days after service of the injunction, a report in writing

under oath setting for the in detail the manner and form in which the Defendants have complied with the injunction. 15 U.S.C. § 1116(a).

Pursuant to the principles of equity, a Court weighs four factors in deciding to issues a preliminary injunction: "(i) the plaintiff's likelihood of success on the merits; (ii) whether the plaintiff risks suffering irreparable harm if the injunction is not granted; (iii) whether such injury outweighs the harm that the injunctive relief would cause for the defendant; and (iv) whether the public interest would be adversely affected by granting or denying the injunction." American Board of Psychiatry and Neurology, Inc. v. Gloria Johnson-Powell, M.D., 129 F.3d 1, 3 (1st Cir. 1997).

This standard is satisfied in this case. As referenced above, there is no doubt that Plaintiff is the registrant of the phrase "Tall Ships," and that Defendants are selling merchandise that unlawfully infringes on this trademark. Plaintiff will suffer irreparable harm if the injunction is not entered because the Tall Ships Rhode Island event is currently ongoing in Newport, and is scheduled to end on July 1, 2007. Plaintiff and its lawfully authorized licensees of the trademark have lost and continue to lose sales of merchandise. The balance of harm clearly tips in Plaintiff's favor because it is losing revenue from sales, and Defendant would suffer no legally cognizable harm from the injunction, as its sales unlawful. The public interest would not be adversely affect.

WHEREFORE, Plaintiff ASTA respectfully requests that this Court enter a temporary restraining order ~~preliminary injunction~~ against Defendants, barring the defendants, and all persons in

active concert and/or participation with them, from any further use unauthorized of the phrase "tall ships" or any other of ASTA's registered marks, and further barring the defendant, etc., from any further distribution of the unauthorized infringing merchandise. In addition, pursuant to 15 U.S.C. § 1116(a), this injunction should include an order directing the defendants to file with the Court and serve on the Plaintiff, within thirty days after service of the injunction, a report in writing under oath setting for the in detail the manner and form in which the defendants have complied with the injunction.

In further support of this motion, Plaintiff respectfully directs the Court's attention to the accompanying memorandum of law in support of this motion.

THE AMERICAN SAIL TRAINING ASSOCIATION.
By its Attorney,

Carl E. Fumarola #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence RI, 02903
(401) 274-7850
(401) 274-9670 (fax)
Email:cfumarola@cetcap.com

Dated: June 29, 2007