UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE AMERICAN SAIL TRAINING ASSOCIATION,<br>Plaintiff,<br>v.<br>GREGORY JORDAN AND ANDREW BORER, D/B/A SOUVENIR STOP; GREGORY JORDAN AND ANDREW BORER, D/B/A CHILDREN'S SHOP; AND GREGORY JORDAN AND ANDREW BORER, D/B/A T-SHIRT TOWN,<br>Defendants. | CIVIL ACTION NO. 07-248 ML<br><br>JURY TRIAL REQUESTED |

## FIRST AMENDED COMPLAINT

This is a complaint seeking remedies for infringement of registered federal service marks. The plaintiff is the owner of registered marks, and the defendants are openly and defiantly selling goods that infringe the marks. The defendants' violations include unauthorized use of federally registered and protected trade and/or service marks that plaintiff The American Sail Training Association ("ASTA" or "plaintiff") procured, owns, and holds.

## PARTIES AND JURISDICTION

1. The plaintiff, American Sail Training Association, is a Rhode Island non-profit corporation, recognized under section 501(c)(3) of the Internal Revenue Code as eligible to receive tax-deductible contributions. ASTA's mission is to promote the virtues of character-building experience at sea, and the values and quality of the sail training experience to trainees aboard traditionally-rigged

large sailing vessels. It operates educational and scholarship programs, serves as the national voice for the sail training movement (domestically and internationally), and serves as an industry voice for the owners of sail training vessels in government relations and public relations. It has over 250 organizational members, chiefly the owners and operators of traditionally-rigged sail training vessels (mostly square-riggers and schooners), most of which are themselves non-profit educational organizations. By way of illustration, the ship used in the recent film "Master and Commander: The Far Side of the World," a replica square-rigger known as *HMS Rose*, was an ASTA member vessel and a winner of an ASTA Sail Training award until it was acquired for use in the film.

2. One of ASTA's key operational programs is an annual series of races and rallies of traditionally-rigged sailing vessels, with educational programs for their on-board trainees. This is the Tall Ships Challenge® Series, which is conducted each year. This year, the Tall Ships Challenge® included the Newport, Rhode Island event known as Tall Ship Rhode Island, which was in progress at the time that the (original) Verified Complaint was filed.

3. Defendants Gregory Jordan and Andrew Borer, according to the fictitious business name records of the City of Newport, each do business at three separate locations in Newport: (1) as "Souvenir Stop," at 115 Thames Street, Newport, Rhode Island 02840; (2) as "Children's Stop," at 107 Thames Street,

Newport, Rhode Island 02840; and (3) as "T-Shirt Town," at 182 Thames Street, Newport, Rhode Island 02840 (collectively, "the defendants").

4. Jurisdiction is founded upon, among other things, 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1338 (federal trademark claims) by reason of the relief sought by the plaintiff under the federal trademark statutes.

## Facts

5. ASTA is the owner of a number of federally registered marks, each one of which has been held for a period long enough to make it incontestable, specifically including Reg. No 1,053,408, Reg. No 1,086,636, and Reg. No. 2,413,069. Copies of certificates are attached as Exhibit A and incorporated by reference. Included in these is a registration on the mark "Tall Ships®." Putting aside certain logo marks, virtually all of ASTA's registered marks include the phrase "Tall Ships." ASTA thus holds exclusive rights to the use of the phrase "Tall Ships" in connection with marine events.

6. ASTA also holds federal registration on the mark Tall Ships Challenge®, and each year conducts races and licenses port events in connection with that year's Tall Ships Challenge®. Earlier this year, Tall Ships Rhode Island conducted an event in Newport, Rhode Island under a written agreement with ASTA, which included a license for the use of ASTA's registered marks. Amica Insurance was a sponsor of the latter, and used the aforesaid registered intellectual

property as a sublicense of the rights that ASTA has licensed to Tall Ships Rhode Island.

7. In addition, ASTA has licensed a Newport fishermen's group to sell souvenirs, etc., bearing the registered marks of ASTA aforesaid, during the Tall Ships events in Rhode Island. ASTA also licensed N&D Sports, Inc. to produce and sell souvenir items using ASTA's intellectual property aforesaid during Tall Ship's Challenge® 2007.

8. The defendants have engaged in, and may continue to engage in, selling T-shirts, and possibly other souvenir items, bearing the legend "Tall Ships" above the year "2007", and with an image of a ship, at the shops in Newport identified above. Exhibit B attached hereto, is a photograph of an example of one such T-shirt with the unauthorized "Tall Ships" mark. This unauthorized use of the "Tall Ships" marks was in connection with the duration and geographic reach of ASTA's "Tall Ships Challenge®" in Newport Rhode Island, known as Tall Ships Rhode Island. When this was discovered, ASTA gave the defendant express written notice of its infringement of ASTA's registered marks. See Exhibit C attached hereto. The defendant, through the person of an individual who identified himself as Greg Jordan, and who identified himself as the owner of one of the shops in question, spoke with ASTA's director of Operations, Ms. Lori Aguiar. He expressly refused to stop

the sale of the offending merchandise, defiantly stating his belief that ASTA would not "do anything about it."

9. The defendants' refusal, after notice, to cease the infringement has had the effect of causing confusion in the mind of the consumer and has caused serious and irreparable harm to ASTA.

10. The defendants' refusal, after notice, to cease the infringement amounts to a willful and knowing violation of the trademark laws of the United States.

11. The defendants' above-described unauthorized use of the "Tall Ships" marks was in connection with The Tall Ships Rhode Island that concluded on July 1, 2007. The defendants have engaged in the unauthorized use of the "Tall Ships" marks in the past, specifically at Tall Ships Rhode Island 2007 and, upon information and belief, will continue to do so for such future Tall Ships® events conducted in Rhode Island, unless enjoined by this Court. Newport has been the site of official Tall Ships® events as early as 1976, and as recently as 2004 and 2007.

12. Any and all conditions precedent to the bringing of this action have been satisfied, fulfilled, and/or waived.

## COUNT I
*(Violation of Trademarks)*

13. Plaintiff repeats and realleges the content of the foregoing paragraphs as if set forth here at full length.

14. Defendants' conduct constitutes and constituted a direct infringement of ASTA's intellectual property rights, as embodied in its registered marks. Defendants' infringement has, on information and belief, earned revenue or gained other advantage for it that it did not deserve, and that is obliged to disgorge to ASTA.

15. Defendants' violations of ASTA's registered marks was and is directly harmful to ASTA and will diminish and has diminished the revenue that ASTA would otherwise have earned through its arrangements with its licensees and/or sublicensees.

16. Defendants' violations serve to convey the impression that ASTA's marks are not protected, and have the effect of encouraging others, as yet unknown to ASTA to commit further violations, yet to be discovered, and likely to be perpetuated and cause damage before ASTA can discover and stop them.

## COUNT II

(*Federally Registered Marks Infringement in Violation of 15 U.S.C. 1114*)

17. Plaintiff repeats and realleges the content of the foregoing paragraphs as if set forth here at full length.

18. The defendants have used and are using the unauthorized "Tall Ships" marks in connection with the sale, offering for sale, and/or distribution of goods in commerce.

19. The defendants' unauthorized use of the "Tall Ships" marks, as described above, constitutes infringement of ASTA's federally registered marks in violation of 15 U.S.C. 1114(1).

20. The defendants' unauthorized use of the "Tall Ships" marks was intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

21. The defendants' infringement of the "Tall Ships" marks has been knowing, wanton, willful, and in total disregard of ASTA's rights.

22. The defendants' unauthorized use of the "Tall Ships" marks caused and is likely to continue to cause substantial and irreparable injury to ASTA, which cannot be accurately computed at this time, and will continue to cause substantial and irreparable injury unless the defendants' use of the marks identified above is enjoined by this Court.

23. By reason of the foregoing, ASTA has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

**COUNT III**

(*False Designation as to Affiliation with ASTA in Violation of 15 U.S.C. 1125(a)*)

24. Plaintiff repeats and realleges the content of the foregoing paragraphs as if set forth here at full length.

25. The defendants' unauthorized use of "Tall Ships" constitutes use in commerce.

26. The defendants' unauthorized use of "Tall Ships" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendants with ASTA, as to the origin, sponsorship, or approval of defendants' goods or commercial activities.

27. The defendants have engaged in unlawful acts that constitute false designation of affiliation or origin in violation of 15 U.S.C. 1125(a).

28. The defendants acts are causing irreparable injury to ASTA for which there is no adequate remedy at law, and will continue to do so unless the defendants' use of the "Tall Ships" marks is enjoined by this Court.

29. By reason of the foregoing, ASTA has suffered monetary damages and loss of goodwill.

30. The defendants' conduct as described above has been knowing, wanton, willful, and in total disregard of ASTA's rights.

**COUNT IV**

(*Dilution of ASTA's Registered Marks in Violation of 15 U.S.C. 1125(c)*)

31. ASTA's federally registered marks that include "Tall Ships" — such as "Tall Ships®" and "Tall Ships Challenge®" — are famous, well known, and recognized, and were famous before the inception of the defendants' infringing conduct. As such, ASTA's "Tall Ships" has achieved a degree of fame entitling it to protection under 15 U.S.C. 1125(c).

32. The defendants' use of "Tall Ships" is confusingly similar to ASTA's "Tall Ships®" marks in connection with similar goods in commerce, and defendants' use of such marks have diluted the distinctive quality, strength, and reputation of ASTA's marks.

33. The defendants' conduct has demonstrated a willful intent to trade on ASTA's reputation and to cause dilution of ASTA's famous marks.

34. ASTA is entitled to injunctive relief to enjoin defendants' further use of ASTA's marks under 15 U.S.C. § 1125(c)(1) and damages under 15 U.S.C. § 1117.

WHEREFORE, plaintiff demands judgment against defendants and for all relief allowed under the law, including, in the following particulars:

A. That the Court enter a permanent injunction against the defendants, barring the defendants, and all persons in active concert and/or participation with them, from any further unauthorized use of the phrase "Tall Ships" or any other of ASTA's registered marks, and further barring the same from any further sale, distribution, etc., of the unauthorized infringing merchandise;

B. That the Court order the defendant to render an accounting of all revenue associated with the unauthorized merchandise and pay over to ASTA all gains, profits, and advantages derived form the use of the "Tall Ships" marks pursuant to 15 U.S.C. 1117 and other applicable law;

C. That the Court enter a money judgment against the defendants, in favor of ASTA for:

1) Actual damages in an amount of damages to be proved at trial, following discovery, together with interest;

2) Damages totaling three times the amount found as actual damages for defendants' knowing, willful and intentional misconduct as provided for in 15 U.S.C. 1117(a);

3) Reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. 1117(a) and other governing statutes;

4) Pre-judgment interest on ASTA's damages as provided in 15 U.S.C. 1117 and other governing law;

5) The cost of this action as provided in 15 U.S.C. 1117 and other governing law; and

6) Any further relief that the Court deems just and proper that it may lawfully afford the plaintiffs.

## JURY DEMAND

Plaintiffs Demand a Jury Trial as to All Counts So Triable.

Respectfully submitted,

**AMERICAN SAIL TRAINING ASSOCIATION,**

By its attorneys,

/s/ Carl E. Fumarola
Carl E. Fumarola, Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
(401) 274-9670 (facsimile)
Email: cfumarola@cetcap.com

Dated: October 23, 2007

Of Counsel:
Michael J. Rauworth, Esq.
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500
(617) 217-5200 (facsimile)
Email: mrauworth@cetcap.com