**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE AMERICAN SAIL TRAINING ASSOCIATION,** | |
| **Plaintiff,** | **Civil Action No. 07-248 ML** |
| **v.** | **<u>JURY TRIAL DEMANDED</u>** |
| **ANDREW BORER, et al.,** | |
| **Defendants.** | |

**<u>ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL</u>**

Defendants Gregory Jordan and Andrew Borer ("Jordan" and "Borer" respectively, the "Defendants" collectively), by counsel, pursuant to Fed. R. Civ. P. 7 and 12, file this their Answer, Affirmative Defenses, Counterclaim, and Demand for Jury Trial and respond as follows to the allegations in the correspondingly numbered paragraphs of the Amended Complaint filed by Plaintiff The American Sail Training Association ("ASTA") and incorporate the terms as described in the Complaint in their response:

1. The Defendants are without sufficient information to admit or deny the allegations stated in paragraph 1 of the Complaint and therefore deny the same.

2. The Defendants are without sufficient information to admit or deny the allegations stated in paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the allegations stated in paragraph 3 of the Complaint.

4. The allegations stated in paragraph 4 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

5. The allegations stated in paragraph 5 state legal conclusions and describe a document attached to the Complaint, for which no answer is required. To the extent an answer is required, Defendants deny the Plaintiff's characterization of its exclusive rights and deny all allegations in paragraph 5 of the Complaint.

6. The Defendants are without sufficient information to admit or deny the allegations stated in paragraph 6 of the Complaint and therefore deny the same.

7. The Defendants are without sufficient information to admit or deny the allegations stated in paragraph 7 of the Complaint and therefore deny the same.

8. The Defendants admit the allegations stated in paragraph 8 of the Complaint to the extent they have sold T-shirts like the one photographed in Exhibit B to the Complaint. Defendants deny any remaining allegations stated in paragraph 8.

9. Defendants deny the allegations stated in paragraph 9 of the Complaint.

10. Defendants deny the allegations stated in paragraph 10 of the Complaint.

11. Defendants deny the allegations stated in paragraph 11 of the Complaint.

12. The allegations stated in paragraph 12 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

13. The Defendants repeat their responses to the allegations stated in paragraphs 1-12 of the Complaint.

14. Defendants deny the allegations stated in paragraph 14 of the Complaint.

15. Defendants deny the allegations stated in paragraph 15 of the Complaint.

16. Defendants deny the allegations stated in paragraph 16 of the Complaint.

17. The Defendants repeat their responses to the allegations stated in paragraphs 1-16 of the Complaint.

18. The allegations stated in paragraph 18 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

19. The allegations stated in paragraph 19 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

20. Defendants deny the allegations stated in paragraph 20 of the Complaint.

21. Defendants deny the allegations stated in paragraph 21 of the Complaint.

22. Defendants deny the allegations stated in paragraph 22 of the Complaint.

23. Defendants deny the allegations stated in paragraph 23 of the Complaint.

24. The Defendants repeat their responses to the allegations stated in paragraphs 1-23 of the Complaint.

25. The allegations stated in paragraph 25 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

26. The allegations stated in paragraph 26 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

27. The allegations stated in paragraph 27 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. Defendants deny the allegations stated in paragraph 28 of the Complaint.

29. Defendants deny the allegations stated in paragraph 29 of the Complaint.

30. Defendants deny the allegations stated in paragraph 30 of the Complaint.

31. The allegations stated in paragraph 31 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

32. The allegations stated in paragraph 32 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations stated in paragraph 33 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

34. The allegations stated in paragraph 34 state legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Failure to State a Claim

The claims against Defendants do not allege facts sufficient to state claims upon which relief can be granted, in part because Plaintiff's marks are generic category descriptions.

### Second Affirmative Defense

### Non-Infringement

The Defendants' products are not likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval.

### Third Affirmative Defense

### Fair Use

The Defendants' use of the phrase "Tall Ships" is a fair use.

### Fourth Affirmative Defense

### Trademark Invalidity

The Defendants' marks are generic and/or merely descriptive and thus unprotectable. The descriptor "Tall Ship" has been in use in the English language for over 500 years,[1] and has

[1] *See, e.g.*, Shakespeare, The Merchant of Venice ("The Goodwins, I think they call the place, a very dangerous flat, and fatal, where the carcasses of many a **tall ship** lie buried . . . ." (*emphasis added*)); *see also*, John Edward Masefield (June 1, 1878 - May 12, 1967), Sea Fever ("And all I ask is a tall ship and a star to steer her by.").

included the exact or very similar use described in the Plaintiff's trademark registration.[2] The dictionary definition of "tall ship" is "n. a sailing ship with more than one high mast." Oxford Dictionary (Oxford University Press 1998).

**Fifth Affirmative Defense**

**Non-Dilution**

The Plaintiff's marks are not famous and the Defendants' products do not cause dilution of the distinctiveness of Plaintiff's marks.

**Sixth Affirmative Defense**

**Laches**

The Defendants or their predecessors in interest have been selling T-shirts containing the phrase "Tall Ships" since at least as early as 1976. On information and belief, the Plaintiff knew or should have known of these sales as such sales were made for over thirty years in the same locale that the Plaintiff is located and/or in which Plaintiff conducts its business. Plaintiff's delay in taking action for decades is inexcusable. The Defendants would be unduly prejudiced if the Plaintiff is allowed to assert its rights now, after decades of inaction.

**Seventh Affirmative Defense**

**Abandonment**

Plaintiff abandoned the trademark as it has failed to enforce such mark for over thirty (30) years.

---

[2] *See, e.g.*, Cutty Sark Tall Ships' Races, *at* http://www.zetnet.co.uk/sigs/sail.shetland/history.html ("In 1955 a London solicitor, Bernard Morgan, had the idea of organising [sic] a race to bring together the last of the world's great square-rigged ships. He obtained the support of Earl Mountbatten and together with influential people in the sailing world an organising [sic] committee was formed and went to work. The result was a spectacular race from Torbay to Lisbon in 1956 which caught the imagination not only of the public but also of the media who coined the phrase "'Tall Ships' Race.'").

**Eighth Affirmative Defense**

**Trademark Misuse and/or Violation of Section 2 of the Sherman Act**

The Plaintiff has engaged in trademark misuse and used the mark in a manner that goes against the public policy insofar as the Plaintiff has sought to keep Defendants from competing in violation of state and Federal antitrust law such that the trademarks themselves are being used by Plaintiff as the prime and effective instrument to effectuate the antitrust activity. To the extent that Plaintiff has exclusively licensed its trademarks to third parties or threatened litigation against third parties involving its generic alleged trademarks, those agreements and that conduct constituted trademark misuse and an unreasonable restraint of trade in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. Any actual or threatened litigation based on Plaintiff's obviously generic alleged trademark is objectively baseless.

**Ninth Affirmative Defense**

**First Sale or Exhaustion**

Upon information and belief, Plaintiff's authorized initial first sale of its product into the stream of commerce extinguished the Plaintiff's rights to maintain control over who buys, sells, and uses the trademark in its authorized form.

**Tenth Affirmative Defense**

**Other Affirmative Defenses Based on Later Discovered Evidence**

Defendants reserve all affirmative defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

WHEREFORE, having fully answered the Complaint, Defendants request that the Complaint be dismissed with prejudice and demand that the relief prayed for therein be denied and that judgment be entered in Defendants' favor together with an award of attorneys' fees,

expenses, and costs incurred. Defendants further request that the Court award such other, further, and different relief as the Court may deem just and proper.

Dated: January 18, 2008

Respectfully submitted,
ANDREW BORER
and
GREGORY JORDAN
By Counsel

/s/ Brian LaPlante

Brian LaPlante, Esq./#5861
Jeffrey D. Sowa, Esq./#5764
LAPLANTE SOWA GOLDMAN
67 Cedar Street
Providence, RI 02903
Tel: (401) 273-0200
Fax: (401) 273-0250
blaplante@lsglaw.com
Counsel for Defendants

Thomas M. Dunlap (pro hac vice)
David Ludwig (pro hac vice)
DUNLAP, GRUBB & WEAVER, P.C.
199 Liberty St, SW
Leesburg, VA 20175-2175
Tel: (703) 777-7319
Fax: (703) 777-3656
tdunlap@dglegal.com
dludwig@dglegal.com
Counsel for Defendants

## COUNTERCLAIM

### Declaratory Judgment of Trademark Invalidity and Petition for Cancellation of Registration (15 U.S.C. § 1064)

1. This is a counterclaim for declaratory judgment and cancellation of Plaintiff's trademark registrations pursuant to 15 U.S.C. § 1064.

### Jurisdiction and Venue

2. Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (the Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

4. This Court has personal jurisdiction over ASTA because ASTA is incorporated in, and maintains its principal office in, the state of Rhode Island.

5. An actual case or controversy has arisen between the parties because ASTA filed the instant action.

### Facts

6. ASTA filed the instant action asserting claims of trademark infringement and dilution of its TALL SHIPS and TALL SHIPS CHALLENGE marks (Reg. Nos. 1,053,408, 1,086,636, and 2,413,169) based on the Defendants' alleged sale of T-shirts and possibly other souvenir items containing the words "Tall Ships."

7. ASTA's Amended Complaint seeks actual monetary damages, treble damages, costs, attorney's fees, and a permanent injunction barring Defendants from sale and distribution of merchandise bearing the words "Tall Ships."

8. The term "tall ship" is a generic term that refers to any large traditionally rigged sailing vessel. It has been used generically in the English language for over 500 years.

9. The terms "tall ship" and "tall ships" are generic names for goods or services.

10. The primary significance of the marks TALL SHIPS and TALL SHIPS CHALLENGE to the relevant public is as a generic reference to a certain type of sailing vessel.

11. The primary significance of the marks TALL SHIPS and TALL SHIPS CHALLENGE to the relevant public is not an identification of ASTA as the source or producer of the goods or services bearing those marks.

12. The Defendants sell T-shirts and may sell other souvenir items containing the words "Tall Ships." The Defendants derive revenue from these sales.

13. The Defendants will be damaged if Plaintiff is allowed to seek remedies pursuant to the Lanham Act for infringement and/or dilution of the generic TALL SHIPS and TALL SHIPS CHALLENGE marks.

WHEREFORE, Defendants demand judgment against Plaintiff and for all relief allowed under the law, including:

a. That the Court issue a declaratory judgment that the TALL SHIPS and TALL SHIPS CHALLENGE marks (Reg. Nos. 1,053,408, 1,086,636, and 2,413,169) are generic names because the primary significance of these marks to the relevant public is not the Plaintiff;

b. That the Court issue a declaratory judgment that the TALL SHIPS and TALL SHIPS CHALLENGE registrations (Reg. Nos. 1,053,408, 1,086,636, and 2,413,169) are cancelled pursuant to 15 U.S.C. § 1064;

c. Reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. § 1117 and other governing law; and

d. Any other further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand trial by jury on all claims, defenses, and counterclaims so triable.

Dated: January 18, 2008

Respectfully submitted,
ANDREW BORER
and
GREGORY JORDAN
By Counsel

/s/ Brian LaPlante

Brian LaPlante, Esq./#5861
Jeffrey D. Sowa, Esq./#5764
LAPLANTE SOWA GOLDMAN
67 Cedar Street
Providence, RI 02903
Tel: (401) 273-0200
Fax: (401) 273-0250
blaplante@lsglaw.com
Counsel for Defendants

Thomas M. Dunlap (pro hac vice)
David Ludwig (pro hac vice)
DUNLAP, GRUBB & WEAVER, P.C.
199 Liberty St, SW
Leesburg, VA 20175-2175
Tel: (703) 777-7319
Fax: (703) 777-3656
tdunlap@dglegal.com
dludwig@dglegal.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

Carl E. Fumarola, Esquire
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903

Michael J. Rauworth, Esquire
Two Seaport Lane, 10th Floor
Boston, MA 02210

I hereby certify that on this 18th day of January, 2008, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/EFC system of the United States District Court to the above-listed attorneys.

/s/ Brian LaPlante