UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE AMERICAN SAIL TRAINING ASSOCIATION,<br>Plaintiff,<br>v.<br>GREGORY JORDAN AND ANDREW BORER, D/B/A SOUVENIR STOP; GREGORY JORDAN AND ANDREW BORER, D/B/A CHILDREN'S SHOP; AND GREGORY JORDAN AND ANDREW BORER, D/B/A T-SHIRT TOWN,<br>Defendants. | CIVIL ACTION NO. 07-248 ML |

## PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIM

Plaintiff The American Sail Training Association ("ASTA") hereby responds to the correspondingly numbered paragraphs of defendants Gregory Jordan's and Andrew Borer's ("Defendants") Counterclaim as follows:

### Declaratory Judgment of Trademark Invalidity and Petition for Cancellation of Registration (15 U.S.C. § 1064)

1. Paragraph 1 consists of legal conclusions to which no response is required. To the extend that a responsive pleading is required, ASTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

### Jurisdiction and Venue

2. Paragraph 2 consists of legal conclusions to which no response is required. To the extend that a responsive pleading is required, ASTA is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Paragraph 3 consists of legal conclusions to which no response is required. To the extend that a responsive pleading is required, ASTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. ASTA admits the allegations contained in paragraph 4.

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extend that a responsive pleading is required, ASTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

**Facts**

6. ASTA denies paragraph 6 as stated. To the extent that paragraph 6 intends to allege "Reg. Nos. . . . 2,413,069" — rather than misstated as 2,413,169 — ASTA admits the allegations contained in paragraph 6.

7. ASTA denies Paragraph 7 as stated. ASTA admits filing an amended complaint requesting, among other things, the relief alleged in paragraph 7 and, further answering, ASTA states that the First Amended Complaint is a written document that speaks for itself.

8. ASTA denies the allegations contained in paragraph 8.

9. ASTA denies the allegations contained in paragraph 9.

10. ASTA denies the allegations contained in paragraph 10.

11. ASTA denies the allegations contained in paragraph 11.

12. With regard to the first sentence of paragraph 12, ASTA does not contest that Defendants might sell such items in the past, present, or future, but ASTA rejects Defendants' entitlement to do the same. Accordingly, ASTA denies this paragraph to the extent that it asserts any such entitlement by the Defendants. ASTA does not contest the second sentence of paragraph 12.

13. ASTA denies the allegations contained in paragraph 13.

WHEREFORE, ASTA respectfully requests judgment dismissing the claims against it, with prejudice, and that it be awarded attorneys' fees, costs and such other relief that this Court deems just.

## AFFIRMATIVE DEFENSES

1. Defendants' Counterclaim is barred by the doctrine of laches and/or estoppel.

2. Defendants' Counterclaim is barred by the doctrine of unclean hands.

3. Defendants' Counterclaim fails to state a claim upon which relief can be granted.

4. Defendants' Counterclaim is barred by the doctrine of acquiescence.

5. Plaintiff reserves the right to rely on further affirmative defenses that become available or appear during discovery proceedings in this matter, and further

reserves the right to amend the First Amended Complaint and Affirmative Defenses for the purpose of asserting any such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, ASTA respectfully requests judgment dismissing the claims against it, with prejudice, and that it be awarded attorneys' fees, costs and such other relief that this Court deems just.

## JURY TRIAL DEMAND

ASTA requests a trial by jury as to all claims asserted against it that are so triable.

Respectfully submitted,

**AMERICAN SAIL TRAINING ASSOCIATION,**

By its attorneys,

/s/ *Carl E. Fumarola*
Carl E. Fumarola, Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
(401) 274-9670 (facsimile)
Email: cfumarola@cetcap.com

Dated: February 7, 2008

Of Counsel:
Michael J. Rauworth, Esq.
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500
(617) 217-5200 (facsimile)
Email: mrauworth@cetcap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2008, the foregoing document, filed through the Electronic Cases Filing ("ECF") System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non registered participants, namely:

Thomas M. Dunlap
Dunlap, Grubb & Weaver, P.C.
199 Liberty Street, N.W.
Leesburg, VA 20175

David Ludwig
Dunlap, Grubb & Weaver, P.C.
199 Liberty Street, S.W.
Leesburg, VA 20175

/s/ *Carl E. Fumarola*
Carl E. Fumarola



02874-0001
973024v2