**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE AMERICAN SAIL TRAINING ASSOCIATION,** | |
| **Plaintiff,** | **Civil Action No. 07-248 ML** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ANDREW BORER, et al.,** | |
| **Defendants.** | |

**DEFENDANTS' STATEMENT OF FACTS AND LEGAL ISSUES**

Defendants Gregory Jordan and Andrew Borer ("Jordan" and "Borer" respectively, the "Defendants" collectively), pursuant to this Court's Notice dated February 6, 2008 (Docket No. 14), hereby file this their Statement of Facts and Legal Issues.

**Facts**

This case involves the Plaintiff's claim that the Defendants' sale of T-shirts and possibly other souvenir items bearing the words "Tall Ships" next to the image of a large, traditionally rigged sailing vessel infringes and dilutes its federally registered trademarks. (*See* Compl. Ex. B.)

The Plaintiff holds federal trademark registrations for TALL SHIPS (Reg. No. 1,053,408, registered Nov. 23, 1976; and Reg. No. 1,086,636, registered Feb. 28, 1978) and TALL SHIPS CHALLENGE (Reg. No. 2,413,069, registered Dec. 12, 2000). The Plaintiff has alleged that it uses these marks in connection with organizing and promoting sailing races involving large, traditionally rigged sailing vessels.

The Defendants are partners who own and operate a number of souvenir shops in Newport, Rhode Island. The Defendants or their predecessors in interest have been selling T-shirts containing the phrase "Tall Ships" since at least as early as 1976.

The term "tall ship" is a generic term that identifies a general category of ships, which includes any large traditionally rigged sailing vessel. This term has been in use in the English language for over 500 years,[1] and has included the exact or very similar use described in the Plaintiff's trademark registration.[2] The dictionary definition of "tall ship" is "n. a sailing ship with more than one high mast." Oxford Dictionary (Oxford University Press 1998). The very fact that a concise dictionary definition of the Plaintiff's trademark exists clearly further supports the idea that the words "tall ship," taken together or separately, is a generic description of a sailing vessel of high height.

## Legal Issues

I. Plaintiff's Claims:

The Plaintiff has asserted claims of trademark infringement, false designation of affiliation, and trademark dilution. (Compl. ¶¶ 13-34.)

In response, the Defendants have asserted a number of affirmative defenses, more than one of which are based on the doctrine of genericness in trademark law, which states that a term that is a generic descriptor of a category of goods or services cannot be protected as a trademark. *See* 15 U.S.C. § 1064(3). The Defendants contend that the term "tall ships" is such a generic

[1] *See, e.g.*, Shakespeare, The Merchant of Venice ("The Goodwins, I think they call the place, a very dangerous flat, and fatal, where the carcasses of many a **tall ship** lie buried . . . ." (*emphasis added*)); *see also*, John Edward Masefield (June 1, 1878 - May 12, 1967), Sea Fever ("And all I ask is a tall ship and a star to steer her by.").

[2] *See, e.g.*, Cutty Sark Tall Ships' Races, *at* http://www.zetnet.co.uk/sigs/sail.shetland/history.html ("In 1955 a London solicitor, Bernard Morgan, had the idea of organising [sic] a race to bring together the last of the world's great square-rigged ships. He obtained the support of Earl Mountbatten and together with influential people in the sailing world an organising [sic] committee was formed and went to work. The result was a spectacular race from Torbay to Lisbon in 1956 which caught the imagination not only of the public but also of the media who coined the phrase "'Tall Ships' Race.'").

identifier and therefore is invalid as a trademark and may be freely used. The Defendants also assert that their use of the term "tall ships" is a fair use, and that Plaintiff's claims are barred by the doctrine of laches because the Defendants or their predecessors in interest have been openly selling the allegedly infringing souvenir items in the same locale that the Plaintiff is located and/or in which Plaintiff conducts its business since at least as early as 1976. The Defendants further assert that the Plaintiff's allegations fail to state a claim; that the Defendants' use of the term "tall ships" is not infringing; that the Plaintiff's trademarks are not famous and the Defendants' use of the term "tall ships" does not and is not likely to dilute those trademarks; that the Plaintiff has abandoned its trademarks; and that the Plaintiff's claims are barred by the first sale or exhaustion doctrine. The Defendants have also asserted that, pending additional discovery, the Plaintiff's sham lawsuit seeking to enforce an invalid trademark may be barred under the doctrine of Trademark Misuse and/or as a violation of Section 2 of the Sherman Act.

II. Defendants' Counterclaim:

The Defendants have asserted a declaratory judgment counterclaim seeking a declaration that the Plaintiff's trademark registrations are invalid because the term "tall ships" is a generic descriptor of a category of goods or services, and seeking cancellation of the Plaintiff's trademark registrations pursuant to 15 U.S.C. § 1064(3).

In response, the Plaintiff has asserted affirmative defenses to the counterclaim including laches, unclean hands, failure to state a claim, and acquiescence.

Dated: February 20, 2008

Respectfully submitted,
ANDREW BORER
and
GREGORY JORDAN
By Counsel

/s/ Brian LaPlante
Brian LaPlante, Esq./#5861
Jeffrey D. Sowa, Esq./#5764
LAPLANTE SOWA GOLDMAN
67 Cedar Street
Providence, RI 02903
Tel: (401) 273-0200
Fax: (401) 273-0250
blaplante@lsglaw.com
Counsel for Defendants

Thomas M. Dunlap (pro hac vice)
David Ludwig (pro hac vice)
DUNLAP, GRUBB & WEAVER, P.C.
199 Liberty St, SW
Leesburg, VA 20175-2175
Tel: (703) 777-7319
Fax: (703) 777-3656
tdunlap@dglegal.com
dludwig@dglegal.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

Carl E. Fumarola, Esquire
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903

Michael J. Rauworth, Esq.
Two Seaport Lane, 10th Floor
Boston, MA 02210

I hereby certify that on this 20th day of February, 2008, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/ECF system of the United States District court to the above-listed attorneys.

/s/ Brian LaPlante____________________