UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE AMERICAN SAIL TRAINING ASSOCIATION,<br>Plaintiff,<br>v.<br>GREGORY JORDAN AND ANDREW BORER, D/B/A SOUVENIR STOP; GREGORY JORDAN AND ANDREW BORER, D/B/A CHILDREN'S SHOP; AND GREGORY JORDAN AND ANDREW BORER, D/B/A T-SHIRT TOWN,<br>Defendants. | CIVIL ACTION NO. 07-248 ML |

**PLAINTIFF'S STATEMENT OF FACTS AND LEGAL ISSUES**

Pursuant to the Notice dated February 6, 2008 for the pretrial conference scheduled for February 27, 2008, plaintiff The American Sail Training Association ("ASTA") submits this Statement of Facts and Legal Issues.

The American Sail Training Association ("ASTA") is a Rhode Island non-profit corporation, formed in 1973. Its declared and official mission "is to encourage character building through sail training, promote sail training to the North American public and support education under sail." Among its many other activities, it affords scholarships for young persons to have character-building experiences under sail, and it administers a grant from the United States Department of Justice for supporting ASTA's Tall Ships® Youth Adventure Program, a leadership and development program for youth ages 12 to 18, who train aboard large traditionally-rigged sailing vessels.

Through the United States Patent and Trademark Office, ASTA has obtained federal registration of several trademarks and service marks. These include registrations on the

phrases: "Tall Ships Challenge®," "Tall Ships®," "Return of the Tall Ships®," and "The Tall Ships Are Coming®" (among others not pertinent here). ASTA also holds counterpart intellectual property rights in Canada.

Each year since 2001, ASTA has conducted a series of Tall Ships® Races, in conjunction with associated port festival events, alternating among the Atlantic and Pacific and Great Lakes ports of the United States and Canada. The entire phenomenon is known as Tall Ships Challenge®. During this span of time, the Tall Ships Challenge® has involved over 30 port festivals, more than 11 million visitors, and more than $750 million in economic impact. Each of these port festivals was conducted under a contract that involved a licensing by ASTA to the event organizer a limited use of ASTA's intellectual property, including the "Tall Ships Challenge®" and "Tall Ships®" marks at issue here.

Newport, Rhode Island, was a host port during Tall Ships Challenge® 2004, and again during Tall Ships Challenge® 2007. The local event organizer was an entity known as Tall Ships® Rhode Island — a name it was allowed to carry by reason of an agreement with ASTA. For its events during those years, it signed an agreement affording it use of the "Tall Ships Challenge®" and "Tall Ships®" marks at issue here for event promotion. During 2007, by mutual agreement, the right to use the "Tall Ships Challenge®" and "Tall Ships®" marks — for souvenir items — was left in the hands of ASTA, and ASTA licensed those rights to an entity known as N&D Sports. The latter has served as a licensed vendor of such items during the Tall Ships Challenge® port events for a number of years. N&D had a vendor site in Newport during the Tall Ships® Rhode Island event in 2007. The latter event took place June 28 through July 1, 2007. It was a part of Tall Ships Challenge® 2007, and as such was conducted pursuant to a license granted by ASTA.

During Tall Ships Challenge® 2004, Newport was a host city. Its local event title was Tall Ships® Rhode Island. During the duration of that event, an ASTA employee, Ms. Lori Aguiar, noticed that a souvenir shop — one of those identified as a defendant herein, was selling merchandise using the phrase "Tall Ships®." She approached an owner of the shop, brought the ASTA federal registration to his attention, and called upon him to withdraw the goods in question from sale. He agreed to do so; no further violations were observed that year.

However, during Tall Ships Challenge® 2007, matters were quite different. Newport was again a host city. While Tall Ships® Rhode Island 2007 was going on, Ms. Aguiar again noticed offending goods being offered for sale. One example was a t-shirt emblazoned with the legend "Tall Ships 2007." There was no attribution, or recognition of ASTA's trademark rights. Ms. Aguiar approached Mr. Jordan and reminded him of ASTA's rights. He responded to the effect that ASTA "wouldn't do anything about it." Despite a cease-and-desist letter, the defendants continued to conduct sales of offending goods during the Tall Ships Challenge® 2007 events.

Quite apart from their long-standing (and incontestable) federal registration, the "Tall Ships Challenge®" and "Tall Ships®" marks clearly distinguish ASTA's marine festivals from, for example, the annual Gloucester (Mass.) Schooner Races, or those conducted with the name OpSail. Tall Ships Challenge® 2007, of course, was the name of the series in progress as of the events in issue, and the infringing goods were being palmed off. In addition, the ongoing and continuing palming off will result in a likelihood of confusion in the mind of the consumer, and in addition, will lead to a dilution of ASTA's marks. Consequently, the conduct of the defendants is a clear violation of ASTA's federal registrations for which a remedy is provided under the federal trademark statutes identified in the Complaint.

Respectfully submitted,

**AMERICAN SAIL TRAINING ASSOCIATION,**

By its attorneys,

/s/ *Carl E. Fumarola*
Carl E. Fumarola, Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
(401) 274-9670 (facsimile)
Email: cfumarola@cetcap.com

Dated: February 20, 2008

Michael J. Rauworth, Esq.
(Admitted Pro Hac Vice)
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500
(617) 217-5200 (facsimile)
Email: mrauworth@cetcap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2008, the foregoing document, filed through the Electronic Cases Filing ("ECF") System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non registered participants, namely:

Thomas M. Dunlap
Dunlap, Grubb & Weaver, P.C.
199 Liberty Street, N.W.
Leesburg, VA 20175

David Ludwig
Dunlap, Grubb & Weaver, P.C.
199 Liberty Street, S.W.
Leesburg, VA 20175

/s/ *Carl E. Fumarola*
Carl E. Fumarola