**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **THE AMERICAN SAIL TRAINING ASSOCIATION,** | |
| **Plaintiff,** | **Civil Action No. 07-248 ML** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ANDREW BORER, et al.,** | |
| **Defendants.** | |

**DEFENDANTS' STATEMENT OF CLAIMS**

Defendants Gregory Jordan and Andrew Borer ("Jordan" and "Borer" respectively, the "Defendants" collectively), by counsel, pursuant to this LR Cv 16(c), hereby file this Statement of Claims.

I. Defendants' Counterclaim:

The Defendants have asserted a declaratory judgment counterclaim seeking a declaration that the Plaintiff's trademark registrations are invalid because the term "tall ships" is a generic descriptor of a category of goods or services, and seeking cancellation of the Plaintiff's trademark registrations pursuant to 15 U.S.C. § 1064(3). The First Circuit has articulated the test for genericness as follows: "For a term to be generic, then, its 'primary significance . . . to the relevant public' must be to identify the nature of a good, rather than its source." *Colt Def. LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701, 705 (1st Cir. 2007) (holding "M4" a generic term for firearms).

II. Affirmative Defenses to Plaintiff's Claims:

The Plaintiff has asserted claims of trademark infringement, false designation of affiliation, and trademark dilution. (Amended Compl. ¶¶ 13-34.)

1. Failure to State a Claim: Count I of Plaintiff's Complaint does not identify any source of law upon which it is based. As such, it fails to state any legally cognizable claim.

2. Non-Infringement: Defendants assert that Plaintiff cannot meet its burden of proving likelihood of confusion, a required element of Counts I, II, and III of its Complaint. *See* 15 U.S.C. § 1125(a).

3. Fair Use: Pursuant to 15 U.S.C. § 1115(b)(4), Defendants assert as a defense to Counts I, II, and III of Plaintiff's Complaint that their use of the term "tall ships" was not a trademark use, but was simply a use of these terms to describe a certain type of vessel.

4. Trademark Invalidity: See discussion of Defendants' Counterclaim, *supra*

5. Non-Dilution: Defendants assert that Plaintiff's marks are not famous and Plaintiff cannot prove that Defendants' products cause dilution of the distinctiveness of their marks, which are required elements of Count IV of its Complaint. *See* 15 U.S.C. § 1125(c).

6. Laches: Defendants assert that Plaintiff's failure to assert its rights for over thirty years constitutes a bar to recovery. 15 U.S.C. § 1069; Mark Bric Display Corp. v. Joseph Struhl Co., C.A. No. 98-532ML, 2003 U.S. Dist. LEXIS 12933 (D.R.I. July 9, 2003) ("Laches applies where the plaintiff's delay in bringing the suit was (1) unreasonable, and (2) resulted in prejudice to the opposing party, . . . and it is well-established that laches may be applied to claims brought under the Lanham Act." (internal citations omitted)).

7. Abandonment: Pursuant to 15 U.S.C. § 1115(b)(2), Defendants assert as a defense to Counts I, II, and III of Plaintiff's Complaint Plaintiff has abandoned its mark by failure to enforce it for over thirty years.

8. Trademark Misuse: Plaintiff has engaged in trademark misuse and used the mark in a manner that goes against the public policy insofar as the Plaintiff has sought to keep Defendants from competing in violation of state and Federal antitrust law such that the trademarks themselves are being used by Plaintiff as the prime and effective instrument to effectuate the antitrust activity. To the extent that Plaintiff has exclusively licensed its trademarks to third parties or threatened litigation against third parties involving its generic alleged trademarks, those agreements and that conduct constitute trademark misuse and an unreasonable restraint of trade in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. Any actual or threatened litigation based on Plaintiff's obviously generic alleged trademark is objectively baseless.

9. First Sale or Exhaustion: Upon information and belief, Plaintiff's authorized initial first sale of its product into the stream of commerce extinguished the Plaintiff's rights to maintain control over who buys, sells, and uses the trademark in its authorized form.

Dated: February 25, 2008

Respectfully submitted,
ANDREW BORER
and
GREGORY JORDAN
By Counsel

/s/ Brian LaPlante
Brian LaPlante, Esq./#5861
Jeffrey D. Sowa, Esq./#5764
LAPLANTE SOWA GOLDMAN
67 Cedar Street

Providence, RI 02903
Tel: (401) 273-0200
Fax: (401) 273-0250
blaplante@lsglaw.com
Counsel for Defendants

Thomas M. Dunlap (pro hac vice)
David Ludwig (pro hac vice)
DUNLAP, GRUBB & WEAVER, P.C.
199 Liberty St, SW
Leesburg, VA 20175-2175
Tel: (703) 777-7319
Fax: (703) 777-3656
tdunlap@dglegal.com
dludwig@dglegal.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

Carl E. Fumarola, Esquire
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903

Michael J. Rauworth, Esq.
Two Seaport Lane, 10th Floor
Boston, MA 02210

I hereby certify that on this 25th day of February, 2008, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/ECF system of the United States District court to the above-listed attorneys.

/s/ Brian LaPlante